# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA DELIMA,<br><br>        Plaintiff,<br><br>   v.<br><br>YOUTUBE, INC. ET AL.,<br><br>        Defendants. | Civil No. 17-CV-733-PB<br><br>Google LLC, Twitter, Inc., and YouTube, LLC's Reply Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative, to Transfer Venue |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS GOOGLE LLC, TWITTER, INC., AND
<u>YOUTUBE, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER</u>**

## I.  INTRODUCTION

Plaintiff Natasha DeLima's ("Plaintiff") "Joint Objection to Motion to All Defendants Answers to this Case with Motion to Dismiss" ("Objection"), Dkt. 66, confirms that Plaintiff's claims are meritless.

Plaintiff has not rebutted a single argument raised by Defendants Google LLC ("Google"), Twitter, Inc. ("Twitter"), and YouTube, LLC ("YouTube") (collectively, "Defendants") regarding the viability of her claims. Instead, Plaintiff focuses her efforts on accusing Defendants and their counsel of illegality. These arguments are improper and, ultimately, irrelevant to the motion to dismiss standard. As set forth in detail in Defendants' Motion to Dismiss and herein, Plaintiff's claims—to the extent they even exist—fail as a matter of law, and her case should be dismissed with prejudice.

In the alternative, this case should be transferred to the Northern District of California under Defendants' respective Terms of Service. Plaintiff appears to argue that Defendants' forum selection clauses are unenforceable due to illegality, but she fails to explain this theory or cite any authority supporting it, let alone counter Defendants' ample authority establishing such clauses are not only lawful, but routinely enforced. By using Defendants' services, Plaintiff agreed to the Defendants' Terms of Service, and she cannot avoid their governing provisions.

Accordingly, Defendants' Motion to Dismiss should be granted without leave to amend or, if any claims manage to survive, the case should be transferred.

## II.  ARGUMENT

**A.   Defendants' Motion to Dismiss Should be Granted.**

Plaintiff's Objection does not apply the correct legal standard governing motions to dismiss, claiming instead that dismissal is improper because Defendants "are, in fact, violating

1

federal laws." Dkt. 66 at 1. Plaintiff also spends the bulk of her Objection making baseless and irrelevant accusations against Defendants and their counsel. *Id.* at 1-4.

On a motion to dismiss, the governing standard is whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Although she is entitled to some deference, Plaintiff's pro se status does not insulate her from these requirements. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Plaintiff's bare bones allegations of illegal conduct are not sufficient to overcome the deficiencies Defendants identified in her eight categories of claims: (1) civil rights; (2) election rigging; (3) First Amendment, including censorship; (4) "Illicit Shadow banning of Information," "cyberbullying," "illicit monitoring" and "unmasking,"; (5) defamation; (6) negligent infliction of emotional distress; and against YouTube only (7) copyright infringement and (8) a claim for "partner compensation." *See* Dkt. 56-1.

Indeed, as Defendants explained at length in their moving papers, none of these categories contain any legally viable causes of action. Plaintiff has not alleged facts to support any claims; the Communications Decency Act, 47 U.S.C. § 230, immunizes Defendants, and the First Amendment to the U.S. Constitution bars Plaintiff's claims. *Id*. at 5-17. Therefore, the Complaint fails as a matter of law, and because no amendment would save Plaintiff's claims, the Court should dismiss the Complaint in its entirety with prejudice.

**B.     Alternatively, the Case Should be Transferred to the Northern District of California.**

Without citing any authority or addressing Defendants' authority, Plaintiff appears to argue that the forum selection clauses of Defendants' respective Terms of Service are

unenforceable[1] and illegal. Dkt. 66 at 3-4. Plaintiff has failed, however, to meet her "heavy burden" to establish unenforceability. *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972) (explaining that the party arguing that a forum selection clause is inapplicable "bear[s] a heavy burden of proof").

In the First Circuit, courts consider four factors to determine whether a forum selection clause is unenforceable: (1) whether the clause was the product of "fraud or overreaching;" (2) "enforcement would be unreasonable and unjust;" (3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of [her] day in court;" or (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 93 (1st Cir. 2010) (alteration in original).

Plaintiff seems to suggest that the Terms of Service should not be enforced because she was required to agree to the Terms of Service by using Defendants' services, and the Terms of Service are illegal. Dkt. 66 at 3-4. First, the fact that Plaintiff was required to agree to the Terms of Service, standing alone, is not a reason to find the Terms of Service unenforceable. *See, e.g.*, *Rojas-Lozano v. Google, Inc.*, No. 15-cv-10160-MGM, 2015 WL 4779245, at *4 (D. Mass. Aug. 12, 2015) (granting Google's motion to transfer where Plaintiff agreed to Google's Terms of Service when signing up to use Gmail, and she could not point to "any exceptional circumstances which would render enforcement of the provision unfair or unreasonable"); *Song fi, Inc. v.*

---

[1] Plaintiff's argument that Twitter's Terms of Service are not in effect until May 25, 2018 is incorrect. Dkt. 66 at 1-2. While the exhibit references the forthcoming May 25, 2018 amendment, it sets forth the Terms of Service effective from September 2016 to the present. *See* Dkt. 56-3 ¶ 3, Ex. C ("[Twitter's] Terms of Service … govern your access to and user of our services . . . . By using the Services, you agree to be bound by these Terms").

3

*Google Inc.*, 72 F. Supp. 3d 53, 63 (D.D.C. 2014) (holding venue selection clause in YouTube's Terms of Service enforceable in part because none of its terms, including the forum selection clause, were "so outrageously unfair as to shock the judicial conscience").

Second, Plaintiff's allegations regarding illegality are unfounded. The Terms of Service at issue are straightforward, and courts routinely enforce such forum selection clauses. *See, e.g., Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1107 (N.D. Cal. 2016) (noting that the District of Massachusetts had found that Google's "Terms of Service applied to [plaintiff's] claim and transferred the case to the Northern District of California"); *Song fi, Inc.*, 72 F. Supp. 3d at 60 (transferring claims against YouTube to the Northern District of California because "[a]llowing Plaintiffs to proceed in this District, when their claims all relate to conduct based on YouTube's Terms of Service, would undermine the very purpose of forum selection clauses."); *Darnaa, LLC v. Google, Inc.*, No. 15-cv-03221-RMW, 2015 WL 7753406, at *2 (N.D. Cal. Dec. 2, 2015), *on reconsideration in part*, No. 15-cv-03221-RMW, 2016 WL 6540452 (N.D. Cal. Nov. 2, 2016) (finding YouTube's Terms of Service enforceable); *Wingo v. Twitter, Inc.*, No. 14-2643, 2014 WL 7013826, at *1, *3 (W.D. Tenn. Dec. 12, 2014) (transferring an action to the Northern District of California under Twitter's Terms of Service); *Bowen v. YouTube, Inc.*, No. 08-cv-5050-FDB, 2008 WL 1757578, at *2 (W.D. Wash. Apr. 15, 2008) (YouTube's forum selection clause "is valid and enforceable"); *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 233 (E.D. Pa. 2007) (Google's forum selection clause is binding).

Plaintiff does not claim that transfer would be inconvenient or otherwise present other issues. Ultimately, there is no reason to override "the presumption of enforceability" that requires Plaintiff to bring her complaint against Defendants in the Northern District of California. Therefore, if any claims survive, they should be transferred accordingly.

### III. CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Defendants should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants*,

May 25, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

### CERTIFICATE OF SERVICE

I hereby certify service of the foregoing filing by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin