# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA DELIMA,<br><br>        Plaintiff,<br><br>v.<br><br>YOUTUBE, INC. ET AL.,<br><br>        Defendants. | Civil No. 17-CV-733-PB |

## OBJECTIONS OF DEFENDANTS GOOGLE LLC
## AND YOUTUBE, LLC TO PLAINTIFF'S MOTION TO REINSTATE (DKT. 17)

### I.    INTRODUCTION

Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") request that the Court deny Plaintiff Natasha DeLima's ("Plaintiff") Motion to Reinstate & Allow Lawful Access (Dkt. 17). Plaintiff appears to seek preliminary injunctive relief and she now claims, for the first time, that YouTube has "prevented the Plaintiff from 'live streaming' . . . closed a channel, tampered with the 2nd channel, and put an unlawful warning on a newly listed video." She seeks "restoration of his [*sic*] virtual property" and sanctions. Dkt. 17.

As an initial matter, there are no such allegations in her Complaint and the claims in the Motion are not specific to Ms. DeLima. In her Complaint, Ms. DeLima does not allege that her YouTube channel has been closed or tampered with, or that a warning was placed on her videos. *See* Dkt. 1. There is no support in her Motion for those claims either. Instead the Motion appears

1

to be copied wholesale from one filed in *Green v. YouTube, et al.*, No. 1:18-cv-203-PB at Dkt. 9. The relief sought in this Motion is not specific to Plaintiff, and it therefore fails as a result.

In any event, this Motion should be denied because (1) Plaintiff has not made the required showing to obtain injunctive relief; (2) Plaintiff is unlikely to succeed on the merits of her Complaint; and (3) the motion is duplicative of Plaintiff's Motions Dkts. 7, 29, and 38, which Defendants have already responded to and which are equally as meritless. *See* Dkt. 57 at 8-9.

## II. FACTUAL BACKGROUND

Plaintiff filed her complaint on December 21, 2017. *See* Dkt. 1. On May 15, 2018, Defendants jointly moved to dismiss Plaintiff's Complaint, and responded to several of Plaintiff's motions docketed at Dkts. 3-8. *See* Dkts. 56-57. Plaintiff has filed numerous additional motions since filing her complaint, including the instant Motion, Dkt. 17. Defendants now object to it.

## III. ARGUMENT

Plaintiff's Motion is not rooted in her Complaint, or facts specific to her, and fails as a result. Otherwise, Plaintiff's Motion appears to seek preliminary injunctive relief in the form of (1) access to the purported "livestreaming" feature on YouTube or (2) access to a YouTube account.[1] Regardless of whether the relief that appears to be sought is a preliminary injunction or temporary restraining order, it should be denied. Plaintiff has not shown a strong likelihood of success on the merits of her claims—as set out in Defendants' Motion to Dismiss, Dkt. 56, her Complaint is meritless—or the irreparable harm necessary for preliminary injunctive relief.

---

[1] It is unclear what exactly Plaintiff is claiming. Defendants have done their best to address the issues raised and apparent relief sought, but reserve the right to address additional issues later.

**A.     Plaintiff's Motion is Not Specific to Her, or Her Claims for Relief.**

Plaintiff's Motion appears to be copied wholesale from a virtually identical motion filed in *Green v. YouTube, et al.*, No. 1:18-cv-00203-PB at Dkt. 9. It does not reflect the facts plead in Plaintiff's Complaint, is unsupported by a factual declaration, and seeks relief that is not specific to Plaintiff, who according to her Complaint, still operates her YouTube account. Dkt. 1 ¶¶ 12, 22 (claiming only that YouTube has not paid Plaintiff and that YouTube is hiding views and subscribers from her YouTube channel, not that she does not have access to her account or any features on it, or that YouTube gave her strikes on her channel or put warnings on her videos).

At bottom, Plaintiff does not appear to be the person allegedly subject to the conduct in this Motion and is not entitled to and cannot seek relief based upon it. It should be denied.

**B.     Plaintiff's Motion Seeking Preliminary Injunctive Relief Should Be Denied Because Plaintiff Has Not Shown a Strong Likelihood of Success or Irreparable Harm.**

In any event, Plaintiff's Motion for what appears to be preliminary injunctive relief fails because she has not and cannot meet the applicable legal standard.

**1.     Legal Standard for Preliminary Injunctive Relief**

A party seeking preliminary injunctive relief "bears the burden of showing that the circumstances of the case justify the exercise of the court's discretion." *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010) (citing *Nken v. Holder*, 556 U.S. 418, 432-433 (2009)). Courts consider four factors: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (citing *Nken*, 556 U.S. at 426); *see also Nw. Bypass Grp. v. U.S. Army Corps of Engineers*, 453 F. Supp. 2d 333, 337 (D.N.H. 2006) ("To

determine whether to issue a temporary restraining order, this Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction.").[2]

"The first two factors are the most critical. Both require a showing of more than mere possibility. Plaintiffs must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent an injunction." *Respect Maine PAC*, 622 F.3d at 15 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)); *see also Matos ex rel. Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 73 (1st Cir. 2004) ("In most cases[,] . . . irreparable harm is a necessary threshold showing for awarding preliminary injunctive relief." A plaintiff must "demonstrate a realistic prospect of irreparable harm[.]") (citing *Phillips v. Marsh*, 687 F.2d 620, 622 (2d Cir. 1982)). "[T]raditional economic damages can be remedied by compensatory awards, and thus do not rise to the level of being irreparable." *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 485 (1st Cir. 2009) (citing *Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 (1st Cir. 2005)). "[T]he predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem" to determine whether injunctive relief is warranted. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996).

### 2. Plaintiff's Claim that Defendants Have Prevented "Live Streaming"

Plaintiff alleges in her Motion that Defendants have "prevented" her "from 'live streaming'" and that "this access has been stripped, and unlawfully denied to the Plaintiff." Dkt. 17 at 1. From there, she argues that the "first Amendment [sic] protects the Plaintiff with his [sic] own free speech" and that Defendants do not "have any lawful or federal ability to prevent live

---

[2] To the extent Plaintiff is seeking a temporary restraining order, she has not complied with Rule 65(b), which requires her to provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and … the movant's attorney [t]o certif[y] in writing any efforts made to give notice and the reasons why it should not be required."

streaming, nor to take hold of his channel." *Id*. It is unclear what claim in Plaintiff's Complaint this relates to, *see* Dkt. 1 ¶¶ 12, 22, because Plaintiff does not allege that she cannot access her YouTube account. Rather, it appears that Plaintiff has copied this motion wholesale from another case, and that the Motion's allegations do not relate to her Complaint. *See Green v. YouTube, et al.*, No. 1:18-cv-00203-PB (D.N.H. filed March 8, 2018), at Dkt. 9. Regardless, Plaintiff asks the Court to order Defendants to "restore" her ability to livestream on YouTube. Dkt. 17 at 1.

In any event, as set out in Defendants' motion to dismiss, Plaintiff cannot show a strong likelihood of success on the merits of her claims against YouTube. Plaintiff's Complaint says only that YouTube owes her money. Dkt. 1 ¶¶ 12, 22. Any claims based on that fact, however, fail. YouTube cannot be held liable for the constitutional violations she claims because YouTube is not a state actor; many of her claims are not even causes of action; and she has not otherwise pled the elements of any of her claims, including for "Partner Compensation," which claims that YouTube should pay her. *See* Dkt. 56-1. Further, if Plaintiff is trying to force YouTube to allow content on its site (*i.e.*, her livestreaming videos), any such order would run afoul of the Communications Decency Act ("CDA"), 47 U.S.C. § 230, and violate YouTube's own First Amendment rights to decide what content is displayed on its platforms. *See* Dkt. 56-1 at 14-17.

Additionally, Plaintiff has made no showing of irreparable harm. Plaintiff must show more than a mere "possibility" of irreparable harm. She must "demonstrate that irreparable injury is likely [unless the Court orders immediate relief]." *Winter*, 555 U.S. at 22. "Speculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). Plaintiff claims (without any basis in her Complaint or to

support her Motion) that she has been unable to livestream, but has not explained—nor can she—how this irreparably harmed her. Further, in her Complaint, Plaintiff is seeking money from YouTube, but "traditional economic damages can be remedied by compensatory awards, and thus do not rise to the level of being irreparable." *Vaqueria Tres Monjitas, Inc.*, 587 F.3d at 485.

### 3. Plaintiff's Claim that YouTube Closed or Tampered with Her Accounts

Plaintiff claims in her Motion that YouTube has "closed a channel, tampered with the 2nd channel, and put an unlawful warning on a newly listed video." Dkt. 17 at 1. Again, there are no corresponding facts in her Complaint and this appears to be simply copied wholesale from a Motion filed in *Green v. YouTube, et al.*, No. 1:18-cv-00203-PB at Dkt. 9. Regardless, as set out in Defendants' Motion to Dismiss, any claims based on these or similar facts are meritless. *See* Dkt. 56. Most of the claims Plaintiff brings are not even causes of action; Plaintiff has not pled the elements of any remaining claims; Google and YouTube cannot be liable for any purported constitutional violations because they are not state actors; and any claims against Google or YouTube arising out of their editorial decisions to remove content or close accounts are barred by the CDA and First Amendment in any event. *See* Dkt. 56-1 at 4-21.

And once again, Plaintiff has made no showing of irreparable harm, which requires more than a mere "possibility" of harm. She now claims only that YouTube has "closed" one channel, "tampered" with another, and put a warning on a video she does not identify. Notably absent is any explanation about how these alleged actions irreparably harmed Plaintiff. And to the extent this claim is related only to having lost money, that type of harm is not irreparable. *See Vaqueria Tres Monjitas*, 587 F.3d at 485 ("traditional economic damages" that, if proven could "be remedied by compensatory awards" . . . "do not rise to the level of being irreparable.").

6

### C. The Court Should Deny Plaintiff's Request for Sanctions.

Plaintiff also asks for "sanctions" against Defendants if they "tamper with [her accounts] again." Dkt. 17. There is no basis for a preliminary injunction, let alone for sanctions, particularly based on speculative, uncertain future conduct. This request should be denied.

### IV. CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.

May 29, 2018

Respectfully submitted,

GOOGLE LLC and YOUTUBE, LLC

By their Attorneys,

SHAHEEN & GORDON, P.A.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar# 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

### CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

/s/ Timothy J. McLaughlin