UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

NATASHA DELIMA,

    Plaintiff,

v.

YOUTUBE, INC. ET AL.,

    Defendants.

Civil No. 17-CV-733-PB

# OBJECTIONS OF DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC TO PLAINTIFF'S MOTION FOR LEAVE TO PLAY VIDEOS ON YOUTUBE (DKT. 18)

## I. INTRODUCTION

Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") respectfully request that the Court deny Plaintiff Natasha DeLima's ("Plaintiff") Motion for Leave to Play Videos on YouTube (Dkt. 18) because it is premature and baseless.

Plaintiff appears to seek leave to play unidentified videos that Plaintiff says appear on YouTube that she believes are relevant to this lawsuit, and an evidentiary ruling regarding the admissibility of evidence to bring this matter to trial. This motion is premature—the Defendants' Motion to Dismiss is pending, *see* Dkt. 56—the parties have not yet engaged in any discovery, and the relief sought is overbroad in any event. This motion should therefore be denied.

## II. FACTUAL BACKGROUND

Plaintiff filed her complaint on December 21, 2017. *See* Dkt. 1. On May 15, 2018, Defendants jointly moved to dismiss Plaintiff's Complaint, and responded to several of Plaintiff's motions docketed at Dkts. 3-8. *See* Dkts. 56-57. Plaintiff has filed numerous additional motions since filing her complaint, including the instant Motion, Dkt. 18. Defendants now object to it.

## III. ARGUMENT

Plaintiff appears to seek an order regarding the discovery of videos she believes are on YouTube and the presentation of evidence at trial.[1] She seeks "leave to view YouTube videos throughout this matter, not require a separate motion per video, and allow for the selected videos . . . as evidence, and any other videos deemed necessary to bring this matter to trial and closure." Dkt. 18. She alleges that "[s]everal" YouTube videos that "depict issues contained in the law suit [*sic*] would have to be viewed in order to prove the evidence stated in this matter." *Id.*

This motion is premature. Neither discovery nor evidentiary issues are before the Court, and Plaintiff presents no basis to obtain a blanket ruling regarding the introduction of evidence at trial, particularly at a time when Defendants' Motion to Dismiss, Dkt. 56, is pending before the Court and the parties have not even had their Rule 26(f) conference, let alone started discovery.

These discovery and evidentiary issues are not ripe for adjudication for numerous reasons, including that the Court has not yet determined the scope of permissible claims. Indeed, courts routinely decline to enter evidentiary rulings even at much later stages where the parties have not delineated the proposed use of evidence or established facts regarding the underlying claims. *See Muldoon v. Dep't of Correction*, No. 15-cv-13892-DJC, 2017 WL 506250, at *11

---

[1] Defendants have done their best to discern what Plaintiff is seeking. It is unclear, however, and Defendants reserve the right to assert further objections.

(D. Mass. Feb. 7, 2017) (denying motions pertaining to evidentiary issues while adjudicating motion to dismiss); *Zagklara v. Sprague Energy Corp.*, No. 10-cv-445-GZS, 2013 WL 12234457, at *1 (D. Me. Jan. 15, 2013) (declining to enter prior to trial a blanket evidentiary ruling regarding exclusion of spoliation evidence at closing arguments); *Stacey v. Bangor Punta Corp.*, 620 F. Supp. 636, 637 (D. Me. 1985) (denying as premature a motion for a pretrial order regarding the admissibility of evidence regarding a settlement agreement allegedly exempt from F.R.E. 408 restrictions, because "neither the Court nor the parties can anticipate exactly the context in which Defendants will seek to offer evidence" related to the settlement). There are no such facts or arguments presented (nor could there be) and the Court should therefore deny Plaintiff's motion.

## IV. CONCLUSION

For the reasons stated above, Google and YouTube respectfully request that the Court deny Plaintiff's Motion for Leave to Play Videos. Dkt. 18.

May 29, 2018

Respectfully submitted,

GOOGLE LLC and YOUTUBE, LLC

By their Attorneys,

SHAHEEN & GORDON, P.A.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar# 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie, LLP

1201 Third Avenue, Suite 4900
Seattle, WA  98101
RMrazik@perkinscoie.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

      /s/ Timothy J. McLaughlin