UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

NATASHA DELIMA,

    Plaintiff,

v.

YOUTUBE, INC. ET AL.,

    Defendants.

Civil No. 17-CV-733-PB

# OBJECTIONS OF DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC TO PLAINTIFF'S MOTION DISCOVERY RULE 26 (DKT. 19)

## I. INTRODUCTION

Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") respectfully request that the Court deny Plaintiff Natasha DeLima's ("Plaintiff") Motion Discovery Rule 26, Duty to Disclose (Dkt. 19) because it is premature and baseless.

Plaintiff's Rule 26 Motion, Dkt. 19, seeks early discovery of wide-ranging information. It should be denied. Seeking a discovery order is unwarranted where, as here, (1) the parties have not yet held a Rule 26 conference or issued discovery; (2) Defendants' Motion to Dismiss is pending; and (3) Plaintiff has made no showing of good cause or reasonableness to justify early discovery.

## II. FACTUAL BACKGROUND

Plaintiff filed her complaint on December 21, 2017. *See* Dkt. 1. On May 15, 2018, Defendants jointly moved to dismiss her Complaint, and responded to several of Plaintiff's

motions docketed at Dkts. 3-8. *See* Dkts. 56-57. Plaintiff has filed numerous additional motions since filing her complaint, including the instant Motion, Dkt. 19. Defendants now object to it.

### III. ARGUMENT

Plaintiff apparently seeks an order compelling production of 35 categories of information from YouTube and Google.[1] The Motion is premature and unsupported by good cause regardless.

### A. Plaintiff's Motion is Premature.

The Motion seeks discovery, and apparently an order compelling discovery, before the parties' initial conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"). Plaintiff has not requested and the parties have not engaged in a Rule 26(f) conference, the parties have consequently not served valid discovery requests, and any discovery or order compelling discovery would therefore be premature. *See Thompson v. Worcester Cty.*, No. 10-cv-40126 -

---

[1] For example, the requests to YouTube seek accounts' IP addresses, (¶ 6); a list of "the amount of channels closed in 2018, names of channels and reasons they were closed" (¶ 7); "criteria for giving strikes, community guidelines, copyright, etc.," "'lengths of time' they closed accounts, and the suspension of 90 days for live streaming video content," "how many channels they recently suspended from live streaming, and the names of those channels" (¶ 8); "list of Plaintiffs 'violations' on all Plaintiffs accounts" and "how many of the Plaintiff's virtual property videos they deleted" (¶ 9); "monetization prices per video, per view, and all ways in which channel subscribers are paid" (¶ 10); "signing up policy, their fair use language, their community strikes language in their policy, their copyright infringement police," and "how many people got either or both in 2017, 2018 that own YouTube channels" (¶ 11); "monetization policy and any changes since 2012" (¶ 12); list of "all IP addresses that visited" the Plaintiff's purported channels (¶¶ 13-14); "the IP addresses that visited AntiSchool, and Marxx Channel and explain why those channels are denied monetization" (¶ 15); YouTube's "IP addresses and monetization payouts for the 2"^ channel, and # of views and subscribers" (¶ 16); from YouTube, "all comments to each video that the Plaintiff has, and all deleted comments," "all deleted videos," "all videos they flag for non- monetization," "all videos that were found 'not able to be monetized,'" and "site reason for these videos being stolen" (¶ 23); "the Subscription total, viewership total, and payment earnings as well as IP addresses for the following similar websites MLordandGod AntiSchool Destroying the Illusion True Lies April LaJune YouAreFreeTv" (¶ 25); "total earning of the Plaintiffs main channel since day one of monetization, and give analytics of channel activity" (¶ 27); and "the new strikes to Elliott Marxx channel and list the reasons why" (¶ 28). The requests to Google, for example, seek "all IP addresses into the Plaintiffs Blog Website, and all analytics," "hidden posts that the Plaintiff has posted to Google and explain the language why they are 'hidden' in search bars," "explain why they have purposely posted a false narrative on the Plaintiff, and keep it on the first page of her name search on the internet" (¶ 24); "the 'warnings' that they put on the website" (¶ 29); "the hidden postings that they hide and claim do not have viewership interest" (¶ 30); "all IP addresses that have 'searched' for Natasha DeLima" (¶ 31); and "why they have tampered with her blog, even deleted 2 complete pages of her blog" (¶ 32).

FDS, 2011 WL 2633270, at *3 (D. Mass. July 1, 2011) (denying motion to compel as premature where discovery had not begun and court was adjudicating motion to dismiss).

**B.      Plaintiff Has Not Shown Good Cause for Expedited Discovery.**

Further, to the extent that Plaintiff seeks early or expedited discovery, she has not shown good cause for it, or that early discovery is reasonable in this case. *See In re Quintana*, No. 08-00281-BKT, 2012 WL 1605230, at *1 (Bankr. D.P.R. May 8, 2012) ("[T]he First Circuit [has] applied a 'good cause' or 'reasonableness' standard when considering request[s] for expedited discovery.") (citing *Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd.*, 765 F. Supp. 2d 87, 88 D. Mass. 2011)). Where a party seeks early or expedited discovery, that party "has the burden of establishing the need for early discovery and the burden of showing good cause." *In re Quintana*, 2012 WL 1605230, at *1 (citing *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). "Good cause for expedited discovery may be found when the need for the expedited discovery outweighs the prejudice to the responding party." *Id.* Expedited discovery requests should be "narrowly tailored in scope" to the needs of the case. *Id.*

Plaintiff has not established the need for early discovery or shown good cause to compel discovery, particularly before the adjudication of Defendants' Motion to Dismiss. *See Dicenzo v. Mass. Dep't of Correction*, No. 15-cv-30152-MGM, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) ("[A] plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim[.]") (citing *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013)). As set out in Defendants' Motion to Dismiss, Plaintiff fails to state any claim for relief, and her Complaint must be dismissed. Therefore, there is no basis for Defendants to have to engage in initial disclosures or other discovery. Plaintiff also has not presented any reason

why these disclosures are required now, or why such categories are tailored to the needs of the case.[2]

## IV. CONCLUSION

For the reasons stated above, Google and YouTube respectfully request that the Court deny Plaintiff's Motion docketed at Dkt. 19.

<table>
<tr><td>May 29, 2018</td><td>Respectfully submitted,<br><br>GOOGLE LLC and YOUTUBE, LLC<br><br>By their Attorneys,<br><br>SHAHEEN & GORDON, P.A.<br><br>/s/ Timothy J. McLaughlin<br>Timothy J. McLaughlin (NH Bar# 19570)<br>107 Storrs Street, P.O. Box 2703<br>Concord, NH 03301<br>(603) 225-7262<br>tmclaughlin@shaheengordon.com<br><br>Ryan Mrazik (*motion for pro hac vice admission to be filed*)<br>Perkins Coie, LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>RMrazik@perkinscoie.com</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

/s/ Timothy J. McLaughlin

---

[2] The information sought would also be objectionable for other reasons, including, but not limited to, because it seeks vastly overbroad discovery unrelated to Plaintiff's actual allegations.