UNITED STATES DISTRICT COURT
FOR THE
STATE OF NEW HAMPSHIRE

| | |
|---|---|
| Natasha DeLima,<br>               Plaintiff<br><br>     v.<br><br>YouTube, et al.<br>               Defendants. | Case No. 1:17-cv-00733-PB |

**PATREON'S OPPOSITION TO
'PLAINTIFF'S MOTION TO FILED AMENDED COMPLAINT,'
DOCUMENT 73**

NOW COMES Defendant, Patreon, Inc. ("Patreon"), by and through its attorneys, Paul Frank + Collins P.C., and opposes Plaintiff's 'PLAINTIFF'S MOTION TO FILED [sic] AMENDED COMPLAINT,' ECF Document 73 in the Court's file, as set forth below.

**I.    Plaintiff can amend her complaint against Patreon only leave of the Court.**

Counsel has appeared in this civil action for each Defendant. Each Defendant has now filed dispositive motions pursuant to F.R.Civ.Proc. 12(b). Plaintiff is allowed to amend her complaint once "as a matter of course … within 21 days after a motion under Rule 12(b), (e) or (f)." Fed.R.Civ.P. 15(a)(1)(B).

Defendant Patreon's Motion to Dismiss was filed on April 30, 2018. Plaintiff had until May 21, 2018 to file an amended complaint as a matter of right. Plaintiff did not file a Motion to Amend until May 23, 2018, after that deadline passed. Therefore, Plaintiff "may amend [her complaint] only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).

Plaintiff has not sought consent from Patreon. Therefore it is for this Court to decide whether or not to allow an Amended Complaint against Patreon. The proposed Amended

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Complaint fails to state a cause of action against Patreon. The Court should, for that reason, deny Plaintiff's Motion to Amend as futile.

## II. The Court should deny Plaintiff's Motion to Amend as futile.

The Court may deny leave to amend when the request is futile. *Mulder v. Kohl's Dep't Stores, Inc.,* 865 F.3d 17, 20 (1st Cir. 2017). For the purposes of Rule 15(a)(2), "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996).

A complaint fails to state a claim upon which relief can be granted when "viewing all the factual allegations in the complaint as true . . . [and] drawing all reasonable inferences in [the plaintiff's] favor, " it still does not present "sufficient factual material to state a facially plausible claim." *Vargas-Colón v. Fundación Damas, Inc.,* 864 F.3d 14, 23 (1st Cir. 2017). "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Abraham v. Woods Hole Ocean. Inst.,* 553 F.3d 114, 117 (1st Cir. 2009).

The proposed Amended Complaint mentions Patreon only twice: Once on page 5 and once on pages 7 – 8 of her proposed Amended Complaint. None of the allegations state a cause of action.

### A. Plaintiff's allegations against Patreon on page 5 fail to state a cause of action.

Plaintiff states on page 5:

Patreon embezzles as much as 90% of earnings, and YouTube does the same, they intend to deceive & embezzle, and are also paid an additional percent by the advertisers, however they hire people to go in to each channel and delete views on new uploads in order to unlawfully enrich themselves, and rip off channels into the millions and billions. There simply is no valid defense, or plausible argument anywhere in any law in the USA or elsewhere, despite the fact that the websites are trying to utilize UK law within the USA to avoid federal laws, and liability.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint under the *Iqbal* standard, the Court disregards allegations that are "no more than conclusions" or "[t]hreadbare recitals of the elements." *Iqbal*, 556 U.S. at 678-79.

For purpose of this Motion to Dismiss, Plaintiff's allegations should be accepted as true. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008). Even accepted as true, though, the allegations in the complaint are nothing more than a few statements of Plaintiff's conclusions about and opinions concerning Patreon and YouTube. There is nothing factual in these statements that suggest the existence of a plausible cause of action.

It is not possible to discern how much of this paragraph applies to Patreon and how much to YouTube. The allegation that "Patreon embezzles as much as 90% of earnings" fails to state a cause of action because Plaintiff does not claim that any of <u>her</u> claimed "earnings" were embezzled. She cannot sue for damage to others.

Plaintiff's criticism of Patreon's claimed business practices (embezzling money, hiring people to "delete views," "rip[ping] off channels," etc.) likewise fails to state a cause of action. First, it is facially implausible that Defendant Patreon would choose to do business in this manner. Second, Plaintiff does not claim to have been personally harmed by such conduct in an amount that satisfies the Court's $75,000.00 jurisdictional threshold, even if the Court excuses the requirement that Plaintiff plead a plausible set of facts.

Finally, Plaintiff's claim in this paragraph that Patreon is using the law of the United Kingdom ["UK"] in the United States to avoid federal laws and liability fails to state a cause of action because Plaintiff fails to state what laws from the UK are being so used, how the use of UK

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

laws could possibly avoid the application of the laws of the United States and how the use of UK law could plausibly allow Patreon to avoid liability. Plaintiff also fails to state that she has been injured personally by Patreon's purported use of the laws of the United Kingdom and avoidance of United States law.

        **B.**        **Plaintiff's allegations on Pages 7 – 8 fail to state a cause of action.**

Plaintiff only mentions Defendant Patreon one other time in her proposed Amended Complaint. On the bottom of page 7, continuing to the top of page 8, Plaintiff writes, "Patreon cannot offer "earnings" and then go into account [sic] and delete comments to hide the people that they are taking 100% of the money from."

This allegation also fails to state a cause of action. In order to state a cause of action against Patreon for the conduct alleged on page 7, Plaintiff must allege facts that show the plausibility of Patreon acting in the manner alleged and also must set out the amount that she is owed as a consequence of such an unlikely and bizarre means of doing business.

Plaintiff has not alleged any facts to make it "facially plausible" that Patreon deletes comments and "hides people" so Patreon can take money from them. Plaintiff has not alleged any facts to make it "facially plausible" that Patreon deletes comments and "hides people" so Patreon can take money from them.

Furthermore, Plaintiff's reference on page 3 of her proposed Amended Complaint to an on-line petition signed by more than 6,700 persons indicates that she may think she is acting for a class of plaintiffs. This is not the case, however. There is no class action. Plaintiff must allege some harm to her in an amount that exceeds $75,000 from this alleged conduct. She has failed to allege any harm to herself in this amount or in any other amount.

Paul Frank + Collins P.C.
Attorneys at Law
P.O. Box 1307
Burlington, Vermont 05401

### C. Plaintiff's Amended Complaint contains the same flaws as her Complaint.

Defendant Patreon will not repeat each of the arguments raised in it Motion to Dismiss– ECF document no. 27, which is presently before the Court for decision. Defendant Patreon instead incorporates them by reference.

Plaintiff may have intended to cure the defects in subject matter jurisdiction, personal jurisdiction and in her doomed attempt to plead a cause of action for violation of First Amendment and statutory civil rights that Defendant Patreon raised in its Motion to Dismiss. This cannot be the case, however because the proposed Amended Complaint does not address such allegations, at least as to Defendant Patreon.

Likewise, the Amended Complaint raises issues that must be referred to arbitration pursuant to Patreon's Terms of Use, the provisions of which Plaintiff agreed to. If the litigation is to proceed at all, it must be transferred to the Northern District of California.

WHEREFORE, Defendant Patreon respectfully requests that the Court deny Plaintiff's Motion to Amend.

DATED: May 29, 2018                    BY:    */s/ Stephen J. Soule*
                                              Stephen J. Soule, Esq.
                                              NH Bar ID # 4858
                                              PAUL FRANK + COLLINS P.C.
                                              PO Box 1307, Burlington, VT 05402-1307
                                              802-658-2311, ssoule@pfclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I served the foregoing *Patreon's Opposition to 'Plaintiff's Motion to Filed [sic] Amended Complaint'* by mailing copies thereof by first class mail, postage prepaid, to Plaintiff, and to counsel of record via the Court's ECF system.

DATED: May 29, 2018                    BY:        */s/ Stephen J. Soule*
                                                              Stephen J. Soule, Esq.
                                                              NH Bar ID #4858
                                                              PAUL FRANK + COLLINS P.C.
                                                              PO Box 1307
                                                              Burlington, VT 05402-1307
                                                              802-658-2311
                                                              ssoule@pfclaw.com

7322794_3:13211-00001