# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA DELIMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YOUTUBE, INC. ET AL.,<br><br>　　　　　Defendants. | Civil No. 17-CV-733-PB |

### OBJECTIONS OF DEFENDANTS GOOGLE LLC, TWITTER, INC., AND YOUTUBE, LLC TO PLAINTIFF'S DEMAND FOR SETTLEMENT (DKT. 67)

## I.　　INTRODUCTION

Defendants Google LLC ("Google"), Twitter, Inc. ("Twitter"), and YouTube, LLC ("YouTube") (collectively, "Defendants") request that the Court deny Plaintiff Natasha DeLima's ("Plaintiff") Demand for Settlement, Dkt. 67, because it is meritless.

Plaintiff's Demand for Settlement asks the Court to give her millions of dollars in alleged damages, and to order Defendants to restore her "virtual property." Dkt. 67. If Plaintiff is asking the Court to compel Defendants to settle, she cannot do so. Further, to the extent Plaintiff's Demand for Settlement can be construed as seeking preliminary injunctive relief, it should be denied because Plaintiff cannot demonstrate that she is likely to succeed on the merits of her claims or that she will suffer irreparable harm, as set forth herein and in additional detail in Defendants' Motion to Dismiss. *See* Dkt. 56. Finally, the Motion duplicates Plaintiff's prior motion demanding settlement, Dkt. 38, to which Defendants have already responded. Dkt. 74.

## II.     FACTUAL BACKGROUND

Plaintiff filed her Complaint on December 21, 2017. *See* Dkt. 1. The Court ordered Defendants to respond to Plaintiff's Complaint and six earlier-filed motions, Dkts. 3-8, within 21 days of service. Dkt. 12. On May 15, 2018, Defendants jointly moved to dismiss Plaintiff's Complaint, and responded to Plaintiff's motions docketed at Dkts. 3-8. *See* Dkts. 56-57. Further, Plaintiff appears to have amended her Complaint so it is unclear how the instant Motion relates, if at all, to that pleading.

In her current Demand, which duplicates her earlier-filed similar request, Dkt. 38, Plaintiff asserts that she is entitled to $2.75 million from YouTube relating to alleged "embezzled earnings" on her channel Natasha78d and "channel #2," and an additional $500,000 for "her sources . . . have been derailed in trying to contact her on her own channels to give her information." Dkt. 67. Plaintiff also asks for "$2 million from Google for her fake profile, abusing her on their website, hiding her data and posts, and rearranging her own 'fake profile' with a false narrative and cyber bullies," and another "$200,000 from Blogspot[1] for failing to monetize her." *Id*. Lastly, she also asks for "$500,000 from Twitter lockout of her main account." *Id*. Plaintiff "demand[s] settlement and restoration of her virtual property." *Id*.

## III.     ARGUMENT

**A.     Defendants Cannot Be Compelled to Settle with Plaintiff.**

Plaintiff's Demand asks the Court for "settlement and restoration of her virtual property and compensation" from Defendants. Dkt. 67. However, the Court cannot require the parties to settle. *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985). The "choice [to settle] must be left to

---

[1] Plaintiff's complaint named as a defendant Blogspot.com, which is owned by Google and used with its service Blogger. As its owner, Google responds to the allegations as to Blogspot.

the individual litigant's judgment." *Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc.*, 723 F.3d 82, 88 (1st Cir. 2013); *see also Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010) ("The choice to settle implicitly acknowledges calculated risks and . . . reflects the deliberate decision of both parties to opt for certainty in terminating their litigation."); *Del Rio v. N. Blower Co.*, 574 F.2d 23, 26 (1st Cir. 1978) ("There is no duty . . . to settle cases, or to reduce one's claims."). For this reason alone, Plaintiff's Demand should be denied.

**B.     Plaintiff Is Not Entitled to Preliminary Injunctive Relief.**

If Plaintiff's Demand seeks preliminary injunctive relief apart from a compelled settlement, it also fails. A party seeking preliminary injunctive relief "bears the burden of showing that the circumstances of the case justify the exercise of the court's discretion." *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010) (citing *Nken v. Holder*, 556 U.S. 418, 432-433 (2009)). Courts consider four factors: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (citing *Nken*, 556 U.S. at 426); *see also Nw. Bypass Grp. v. U.S. Army Corps of Engineers*, 453 F. Supp. 2d 333, 337 (D.N.H. 2006) ("To determine whether to issue a temporary restraining order, this Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction.").

"The first two factors are the most critical. Both require a showing of more than mere possibility. Plaintiffs must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent an injunction." *Respect Maine PAC*, 622 F.3d at 15 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)); *see also Matos ex rel. Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 73 (1st Cir. 2004) ("In most cases[,] . . . irreparable harm is a necessary threshold showing for awarding preliminary injunctive relief." To cross that threshold,

a plaintiff must "demonstrate a realistic prospect of irreparable harm[.]") (citing *Phillips v. Marsh*, 687 F.2d 620, 622 (2d Cir. 1982)). "[T]raditional economic damages can be remedied by compensatory awards, and thus do not rise to the level of being irreparable." *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 485 (1st Cir. 2009) (citing *Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 (1st Cir. 2005)). "[T]he predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem" to determine whether injunctive relief is warranted. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996). As outlined below, Plaintiff has not and cannot meet this standard.

1. **Plaintiff Cannot Show a Likelihood of Success.**

Plaintiff's Demand appears to be asking the Court for preliminary relief, namely, ordering Defendants to restore "her virtual property" by "restor[ing] the accounts" she alleges have been improperly suspended or deactivated. Dkt. 38 at 1. Plaintiff has previously sought this same preliminary relief, *see* Dkt. 29 at 4, 6 (demanding that Twitter "open her closed account") and Dkt. 38 (demanding similar settlement), and Defendants have already explained why Plaintiff is not entitled to this relief. *See* Dkt. 62 at 4; Dkt. 74 at 4-7. In her Complaint, Plaintiff alleges that she is locked out of two Twitter accounts and that Google removed her blog from the Internet. Dkt. 1 ¶¶ 8, 16. She does not allege that she cannot access her YouTube account.

And as set out in Defendants' Motion to Dismiss, Plaintiff has not shown a strong likelihood of success on the merits of her claim that Twitter and Google wrongfully suspended her accounts. *See* Dkt. 56-1. First, Plaintiff's claims are meritless—most are not even causes of action, let alone viable ones, and she has not sufficiently pleaded the remainder of them. Second, Plaintiff's request is based on her underlying grievance that her content was wrongfully removed from Defendants' websites. But the Communications Decency Act, 47 U.S.C. § 230(c)(1), immunizes Defendants from claims based on their editorial decisions concerning content posted

on their services. Dkt. 56-1 at 14-15. Third, Plaintiff's request that Twitter and Google be forced to restore certain accounts (thereby allowing Plaintiff to post content) would violate Defendants' First Amendment rights. *See* Dkt. 56-1 at 16. Taken together, Plaintiff will not succeed on her underlying claims that she is entitled to post content or maintain accounts on Defendants' websites, and her request for preliminary relief based on those claims should be denied.

### 2. **Plaintiff Cannot Show Irreparable Harm.**

Plaintiff also has made no showing of irreparable harm. Plaintiff must show more than a mere "possibility" of irreparable harm. She must "demonstrate that irreparable injury is likely [unless the Court orders immediate relief]." *Winter*, 555 U.S. at 22. "Speculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). Simply stating that she can no longer post content or access certain accounts does not amount to irreparable harm—she has not and cannot make such a showing. Further, Plaintiff's requests for monetary relief cannot constitute irreparable harm. *See Vaqueria Tres Monjitas*, 587 F.3d at 485 ("traditional economic damages" that, if proven could "be remedied by compensatory awards" . . . "do not rise to the level of being irreparable.").

### IV. CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Demand for Settlement.

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin