```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Natasha DeLima</u>

    v.                                                 Civil No. 17-cv-733-PB

<u>YouTube, Inc. et al.</u>


### O R D E R

Plaintiff Natasha DeLima has sued defendants YouTube, Inc. ("YouTube"); Facebook, Inc. ("Facebook"); Twitter, Inc. ("Twitter"); Google, Inc. ("Google"); Blogspot.com ("Blogspot"); Patreon; and GoFundMe, Inc. ("GoFundMe").  In this action, plaintiff alleges that the defendants have violated her rights in regard to her use of the defendants' media and internet platforms.

Presently pending in this court are twenty-six motions filed by DeLima (Doc. Nos. 3-8, 11, 14, 17-19, 29, 39, 40, 63, 65, 70-73, 86-88, 99-101), and eleven motions filed by defendants (Doc. Nos. 27, 28, 34, 35, 37, 56, 60, 68, 95-97). In conjunction with these motions, the parties have filed, to date, a total of thirty-two objections, responses, or supplemental filings (Doc. Nos. 9, 15, 36, 49-53, 57, 61, 62, 65, 66, 69, 74-77, 79-85, 89, 91-94, 98, 102).

The volume and pace of filings in this case have become oppressive to the court, in that the number and manner of

filings is likely to interfere with the court's ability to efficiently and effectively address the issues raised in this case, and to other cases on the court's docket.  In the interest of giving this case, and all cases before the court, the time and attention necessary to insure the integrity of the litigation and rights of the litigants in all matters, and in the interest of justice, the court finds that it is necessary to restrict the parties' ability to make unfettered written filings in this case.

It is the court's intention that all parties in this action have the opportunity to raise and litigate all matters properly before the court in this case, but that they do so in a manner consistent with the court's ability to efficiently administer the case to secure its just and speedy disposition, without the imposition of any undue burden on any party.  See Fed. R. Civ. P. 1.  To that end, the court issues the following Case Management Order:

## Case Management Order

I.   The parties are directed that, with certain exceptions set forth in this Order, they are not to file any document in this case, without leave of court, until after the court has resolved the following motions:

    A.    Plaintiff's motions seeking preliminary injunctive relief (Doc. Nos. 3, 5-8, 11, 17, 29);

    B.    Plaintiff's motions to consolidate this case with Green v. YouTube, Inc., No. 18-cv-203-PB (D.N.H.) (Doc. No. 4);

    C.    Plaintiff's motions to amend complaint (Doc. Nos. 14, 72, 73, 87);

    D.    Defendants' motions to dismiss, and/or to transfer, and/or for summary judgment (Doc. Nos. 27, 28, 56, 60, 95, 96);

    E.    Plaintiff's motions for default (Doc. Nos. 39, 63, 65);

    F.    Plaintiff's motion to deny defendant Patreon's motion to dismiss (Doc. No. 40);

    G.    Plaintiff's Motions to Strike/Quash (Doc. Nos. 70, 71, 86, 99-101);

    H.    Plaintiff's Motion for Summary Judgment (Doc. No. 88); and

    I.    Defendants' Motion to Stay (Doc. No. 97).

II. Notwithstanding Paragraphs I(A)-(I) of this Order, the parties may file the following motions, objections, and other documents in this case, without first seeking leave of court:

    A.    Any defendant may file a single objection to each of the following motions on or before June 29, 2018, if it has not already done so:

        1.    Plaintiff's "Motion to Strike Illicit Pleading" (Doc. No. 70);

        2.    Plaintiff's "Request for Additional Compensation from Blogspot, Owned by Google" (Doc. No. 72);

3

    3.   Plaintiff's "Motion to Filed [sic] Amended Complaint" (Doc. No. 73);

    4.   Plaintiff's "Motion to Strike Answers of Facebook and Twitter" (Doc. No. 86);

    5.   Plaintiff's "Joint Motion Opposing Forced Consent to Utilize Websites" (Doc. No. 87), which the court has construed as a motion to amend the complaint;

    6.   Plaintiff's motion to deny defendants' motion to dismiss (Doc. No. 99);

    7.   Plaintiff's motion to quash (Doc. No. 100);

    8.   Plaintiff's Motion to Strike Answers (Doc. No. 101); and

    9.   Plaintiff's Memorandum (Doc. No. 102).

B.   Any defendant may file a single objection to plaintiff's "Motion for Summary Judgment Against YouTube, Google, Blogspot & Go Fund Me" (Doc. No. 88) on or before July 16, 2018.

C.   Any party may file a single objection to any Report and Recommendation issued by the court, no later than fourteen days after the date such Report and Recommendation is issued, see Fed. R. Civ. P. 72(b)(2);

D.   Any party may file a single motion to reconsider any order issued by the court in this matter, no later than fourteen days after the date such order is issued, see LR 7.2(d);

E.   Any party may file a single motion seeking the district judge's reconsideration of the magistrate judge's

order on a nondispositive matter in this case, no later than fourteen days after the date such order is issued, <u>see</u> Fed. R. Civ. P. 72(a);

   F.   Any party may file a motion to extend any deadline in this matter, not to exceed three pages, provided the motion is filed prior to the expiration of the pertinent deadline;

   G.   Any party may file a motion to continue any scheduled hearing in this matter, not to exceed three pages.

III. Other than the motions and objections specifically listed in Paragraphs I(A)-(I) and II(A)-(G) of this Case Management Order, no party may file any motion, objection, response, reply, surreply or other document in this case, without first seeking leave of court as follows:

   A.   As to each filing a party seeks to make, the filing party must file a single motion, not to exceed three pages, which includes the words "Motion for Leave to File" in the title of the motion, attaching as an exhibit a complete copy of the proposed motion, objection, response, reply, surreply, or other document the party seeks to file.

   B.   In its "Motion for Leave to File," the filing party must:

      1.   Certify, as to the document the party seeks leave to file, that the party has complied with all applicable local rules of this court, Federal Rules of

        Civil Procedure, and orders of this court;

        2.   State the reasons, showing good cause, the court should accept the filing at that time;

        3.   State the reasons why the party could not include the contents of the proposed filing in any earlier filing addressing the same issue.

    C.   No party may object or otherwise respond to any "Motion for Leave to File" filed by any other party in this case.

    D.   No party may object or respond to any proposed motion or other document any other party seeks leave to file until such time as the court grants leave to file the document. Unless otherwise ordered by the court, the date of an order granting leave to file a motion will serve as the date from which the objection and response deadlines are to be calculated.

IV.   No motion or other document, otherwise timely filed, will be deemed to be untimely due to any delay in filing or docketing created by compliance with this Case Management Order.

V.   Motions or other documents filed by any party in violation of this Case Management Order may be summarily denied or stricken by the court. Further, any party's failure to comply with this Order may result in the imposition of additional filing restrictions or other sanctions, including, but not

limited to, monetary sanctions.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

June 18, 2018

cc: Natasha DeLima, pro se
 Timothy John McLaughlin, Esq.
 Joseph H. Aronson, Esq.
 Stephen J. Soule, Esq.
 Nolan C. Burkhouse, Esq.