UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Natasha DeLima</u>

   v.                                       Civil No. 17-cv-733-PB

<u>YouTube, Inc. et al.</u>

**O R D E R**

Before the court for consideration are the following motions and documents filed in this action:

- Plaintiff's "Motion for Leave to Play Videos on YouTube" (Doc. No. 18);

- Plaintiff's "Motion Discovery Rule 26, Duty to Disclose" (Doc. No. 19);

- Defendant Patreon's "Motion to Dismiss" (Doc. No. 27);

- Defendants Facebook, Inc.'s and GoFundMe, Inc.'s "Motion for Pro Hac Vice Admission" concerning Attorney Matan Schacham (Doc. No. 34), and "Motion for Pro Hac Vice Admission" concerning Attorney Travis Silva (Doc. No. 35);

- Defendant Patreon's "Motion for Relief from Plaintiff's Discovery Requests" (Doc. No. 37);

- Plaintiff's "Joint Motion for Additional Discovery Request" (Doc. No. 65);[1]

- Plaintiff's two settlement demands (Doc. Nos. 38, 67);

---

[1] Plaintiff Natasha DeLima has filed Document No. 65 as a "Joint Motion," apparently anticipating that the court will grant her request to consolidate this matter with another case filed in this court, <u>Green v. YouTube, Inc.</u>, 18-cv-203-PB. As the court has not yet ruled on DeLima's consolidation request, the court will construe this motion to have been filed in this case only on DeLima's behalf.

- Defendant Patreon's "Motion to be Excused from Application of Local Rule 7.1(C)" (Doc. No. 68);

- Defendants Google LLC, Twitter, Inc., and YouTube, LLC's "Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, Transfer" (Doc. No. 95); and

- Defendant Facebook, Inc.'s "Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 96).

## Discussion

**I.  Plaintiff's "Motion for Leave to Play Videos on YouTube"**

In her motion for leave to play YouTube videos, plaintiff seeks the court's permission to utilize video evidence in this case, prior to and during trial, as she deems necessary. The motion is denied as premature, as there is no specific evidentiary question presently before the court, and the court declines to prejudge evidentiary issues before they arise in this case. The motion (Doc. No. 18) is denied, without prejudice to plaintiff's ability to move the court to allow her to use video evidence in this case as specific instances arise.

**II.  Discovery Motions (Doc. Nos. 19, 37, 65)**

Plaintiff's motions (Doc. No. 19, 65) seeking discovery are requests to obtain specific discovery materials from the defendants. Discovery requests must be made directly to the party from whom discovery is sought in the first instance; such requests are not filed with the court. Once a party's obligation to produce discovery arises, and the parties, after

conferring with one another, are unable to resolve any discovery issue, either party may seek appropriate relief from the court. Accordingly, plaintiff's motions (Doc. Nos. 19, 65) are denied, without prejudice to plaintiff's ability to file any appropriate discovery motion at a later date.

Defendant Patreon has filed a "Motion for Relief from Plaintiff's Discovery Requests" (Doc. No. 37) seeking relief from the specific discovery requests plaintiff has made in Document No. 19.  Patreon also seeks to hold all discovery in abeyance in this matter until the dispositive motions pending in this case are resolved.  To the extent Patreon seeks to hold all discovery between itself and plaintiff in abeyance, and to continue the deadline for responding to the discovery requests set forth in Document No. 19 pending resolution of dispositive motions pending in this case, Patreon's motion (Doc. No. 37) is granted.  Discovery between plaintiff and Patreon is therefore stayed pending resolution of those motions, or as otherwise ordered by the court.

### III. Motions to Proceed Pro Hac Vice (Doc. Nos. 34, 35)

The motions for pro hac vice admission for Attorneys Matan Schacham (Doc. No. 34) and Travis Silva (Doc. No. 35) are granted on the condition that they submit ECF registration forms within 10 days.  Local counsel shall comply with all obligations required by LR 83.2(b) absent order of the court.

### IV. Plaintiff's Settlement Demands (Doc. Nos. 38, 67)

Plaintiff has filed two settlement demands in this court. Plaintiff's settlement demands should be communicated directly to the defendants. Such documents are not properly filed in the court's docket, and the court will not take any action on those documents.

### V. Patreon's Motion to be Excused from LR 7.1(c) (Doc. No. 68)

Defendant Patreon has asked for relief from the requirements of LR 7.1(c), which requires parties to make "a good faith attempt . . . to obtain concurrence in the relief sought" prior to filing a nondispositive motion in this court. Patreon asserts as a basis for its motion that plaintiff has refused to communicate by telephone unless the communication is recorded. Plaintiff's refusal to engage in unrecorded telephone communication, however, is not akin to a blanket objection to all motions Patreon may file in the future, and does not provide a basis for relief from the requirements of LR 7.1(c).

Patreon may seek to obtain concurrence by means other than a telephone call, or, if the attempt is made by telephone and plaintiff declines to respond, Patreon may notify the court that it made a good faith attempt to obtain concurrence in that manner, but was unable to do so. Patreon's motion to be relieved of its obligations of LR 7.1(c) is denied.

## VI. Defendants' Motions to Dismiss (Doc. Nos. 27, 95, 96)

Defendants Patreon, Google LLC, Twitter, Inc., YouTube, LLC, and Facebook have filed motions (Doc. Nos. 27, 95, 96) entitled motions to dismiss, seeking relief under Fed. R. Civ. P. 12(b)(6). Defendants have attached materials that are outside of the pleadings in this case to each of the motions. Accordingly, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the court construes those motions as ones for summary judgment under Rule 56.

The court finds that consideration of those motions at this early stage of the proceedings is premature. Accordingly, the motions are held in abeyance until after resolution of certain motions pending in this case, docketed as Document Nos. 4, 14, 15, 28, 39, 56, 60, 63, and 73.[2] After those motions are resolved, the court will issue a briefing schedule concerning the defendants' motions for summary judgment (Doc. Nos. 27, 95, 96).

---

[2] See Plaintiff's motion to consolidate (Doc. Nos. 4, 15); Plaintiff's motions to amend complaint (Doc. Nos. 14, 73); Defendants' motions to dismiss (Doc. Nos. 27, 28, 56, 60); and Plaintiff's motions for default (Doc. Nos. 39, 63).

## Conclusion

For the reasons discussed in this Order, the court now directs as follows:

1. Plaintiff's "Motion for Leave to Play Videos on YouTube" (Doc. No. 18) is DENIED without prejudice, as premature.

2. Plaintiff's motions for discovery (Doc. Nos. 19, 65) are DENIED without prejudice.

3. Defendant Patreon's motion (Doc. No. 37) for relief from plaintiff's discovery requests is GRANTED, to the extent the motion seeks to continue the deadline for filing a response to the discovery requests set forth in Document No. 19, and a stay of all discovery between Patreon and plaintiff, pending resolution of certain dispositive motions pending in this case.

4. Defendants Facebook, Inc.'s and GoFundMe, Inc.'s motions for pro hac vice admission of Attorneys Matan Shacham and Travis Silva (Doc. Nos. 34, 35) are GRANTED, on the condition that they submit ECF registration forms within 10 days. Local counsel shall comply with all obligations required by LR 83.2(b) absent order of the court.

5. Plaintiff's settlement demands (Doc. Nos. 38, 67) are not properly filed in the court's docket, and the court will take no further action with regard to those documents.

6. Defendant Patreon's motion to be excused from LR 7.1(c) (Doc. No. 68) is DENIED.

7. Defendants Patreon's, Google, Inc.'s, Twitter's, YouTube, Inc.'s, and Facebook's motions entitled motions to dismiss (Doc. Nos. 27, 95, 96) are construed as motions for summary judgment and are held in abeyance until after the resolution of other motions pending in this case and the issuance of a briefing schedule.

SO ORDERED.

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

June 18, 2018

cc: Natasha DeLima, pro se
    Timothy John McLaughlin, Esq.
    Joseph H. Aronson, Esq.
    Stephen J. Soule, Esq.
    Nolan C. Burkhouse, Esq.